```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 06-14066-CIV-MOORE
                    MAGISTRATE JUDGE P. A. WHITE
```

GLENN C. SMITH,                    :

    Plaintiff,                 :
                                          ORDER INSTRUCTING PRO SE
v.                                 :   PLAINTIFF CONCERNING RESPONSE
                                          TO MOTION FOR SUMMARY JUDGMENT
FLORIDA DEPT. OF CORRECTIONS       AND ORDER ON MOTION TO COMPEL
et al.,                            :          (DE#65)

    Defendants.                :
_____

    In this prisoner civil rights action the defendant(s) Thomas and Williams have filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56 (DE#66-1) with exhibits. The plaintiff has also filed a motion to compel discovery (DE#65).

    The plaintiff is hereby notified that this Court will consider this motion without oral hearing, and that he may file a response in opposition thereto for consideration by the Court. Somerville v. Hall, 2 F.3d 1563 (11 Cir. 1993); Griffith v. Wainwright, 772 F.2d 822, 825 (11 Cir. 1985); Moore v. Florida, 703 F.2d 516 (11 Cir. 1983); Barker v. Norman, 651 F.2d 1107 (5 Cir. 1981); Kibort v. Hampton, 538 F.2d 90 (5 Cir. 1976).

    The attention of the plaintiff is particularly drawn to all provisions of Fed.R.Civ.P. 56, and specifically to that portion of Rule 56(e) which provides:

> When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his

>response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. <u>If he does not so respond, summary judgment, if appropriate, shall be entered against him</u>. (Emphasis added.)

The plaintiff is specifically cautioned as follows:

1. Any issue determined by summary judgment will not be tried. If a summary judgment is granted as to all issues, there will be no trial and a final judgment will be entered without further proceedings.

2. The evidence presented by the defendant in support of the motion for summary judgment may be accepted by the Court as true if it is not contradicted by affidavits or other sworn evidence such as depositions, submitted by the plaintiff.

3. The plaintiff cannot rely solely on his complaint and other initial pleadings, but must respond with affidavits, depositions, or otherwise, to show that there are material issues of fact which require a trial.

<u>Coleman v. Smith</u>, 828 F.2d 714 (11 Cir. 1987); <u>Brown v. Shinbaum</u>, 828 F.2d 707 (11 Cir. 1987).

The plaintiff's motion to compel (DE#65) is seeking a Court Order to compel compliance with his subpoena for the production of

tapes and documents from Paul Decker, The Inspector General of the Florida Department of Corrections, a non-party to this case. The plaintiff includes the Subpoena issued by this Court and stamped by the Clerk of Court. It contains no proof of service or declaration of service. It is thereupon

    ORDERED and ADJUDGED as follow:

    1. On or before November 5, 2007, the plaintiff may file a response to the pending motion for summary judgment.

    2. The plaintiff's motion to compel compliance with his subpoena is denied without prejudice. The subpoena has not been served in compliance with Fed.R.Civ.P. 45(b).

    DONE AND ORDERED at Miami, Florida, this 14th day of October, 2007.

                                       UNITED STATES MAGISTRATE JUDGE

cc: Glenn C. Smith, Pro Se
    DC#880144
    Martin Correctional Institution
    1150 SW Allapattah Road
    Indiantown, FL 34956-5397

    James D. Murdock, II, Esq,
    Office of Attorney General
    Ft. Lauderdale Office